Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-143JCC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| DESMOND DAVID-PITTS, | |
| Defendant. | |

**I.      Introduction.**

Throughout the summer of 2020, numerous protest gatherings were held in Seattle, particularly in downtown and the Capitol Hill neighborhood. These demonstrations were intended to be peaceful protests in support of important racial justice and equity issues. The vast majority of the people who participated in these protests acted responsibly and lawfully. Unfortunately, a small number of people – including defendant Desmond David-Pitts – took advantage of the cover provided by these protests to commit acts of violence, including arsons.

That is what happened on the night of August 24, 2020, when David-Pitts, as part of a larger group of people with whom he was associated, attacked the Seattle Police Department ("SPD") East Precinct. Beginning just after 11:30 p.m., David-Pitts set a fire

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

against the East Precinct's sallyport garage door. At the same time, others in the group attempted to trap police officers inside the building by barricading shut the only exit doorway in the sallyport, while still others set a second fire just around the corner from the sallyport against an adjacent wall of the East Precinct. As noted by the Probation Office: "This act of violence, carried out by a group of protestors, shows little respect for the law and appears to have genuinely malicious intent. People could have been seriously hurt if the plan had worked." *See* PSR Sentencing Recommendation at 4.

Fortunately, police officers ultimately were able to force their way out of the precinct through the exit door and extinguish the fires. Remarkably, no one was injured as a result of the defendant's dangerous conduct. Nonetheless, the actions of David-Pitts and the others with whom he acted in concert undermined what was intended to be a peaceful protest by converting it into a riot – creating a dangerous atmosphere of civil disorder that resulted in property destruction and multiple arrests, and had great potential to result in injuries to police officers and protestors.

## II. Overview of David-Pitts' Offense Conduct.

On August 24, 2020, at approximately 8:00 p.m., demonstrators began gathering at Cal Anderson Park in Seattle as part of a protest concerning a recent police officer involved shooting incident in Kenosha, Wisconsin. During the evening, the protestors marched through Seattle to the SPD East Precinct and then to the West Precinct. By approximately 11:30 p.m., a smaller group of approximately 200 protestors returned to the SPD East Precinct. This number included David-Pitts and a group of individuals with whom he was associating.

David-Pitts is from Anchorage, Alaska, and had only traveled to Seattle a couple days earlier. Upon his arrival, David-Pitts began associating with a group of people who were based in Cal Anderson Park. *See* PSR ¶ 51; Sentencing Recommendation at 3. David-Pitts attended the August 24th protest with this group of people. *See* PSR ¶ 51; Sentencing Recommendation at 4. During the protest, members of this group (although not David-Pitts) were dressed in what is commonly referred to as "black bloc" attire,

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including all black clothing, black protective head gear or hats, gas masks, and black umbrellas.[1]

Between 11:31 p.m. and 11:42 p.m., security surveillance cameras captured footage of David-Pitts starting the fire against the East Precinct sallyport garage door. The sallyport area is depicted in the images found in *Exhibit 1*, which were taken from the East Precinct's surveillance video camera. The first page of *Exhibit 1* shows the sallyport area immediately before David-Pitts set the fire. The sallyport consists of two portions – on the left is a bay area with a large garage door for SPD cars to enter and exit the East Precinct. On the right is a slightly elevated area with a standard-size door for officers to access the precinct. This door is only 30-40 feet away from the garage door.

The surveillance video captured David-Pitts engaging in the following actions with respect to setting the fire at the East Precinct:

- At 11:31 p.m., David-Pitts and another individual enter the camera view. David-Pitts approaches the garage door and appears to grab onto chains attached to the door, in an unsuccessful effort to pull it open. David-Pitts and the other person then walk out of the camera view. This unknown individual was wearing all black clothing, a black hat, ski googles, and was carrying a black umbrella. *Exhibit 1*, page 2.

- At 11:35 p.m., David-Pitts reenters the camera view and again pulls on the chains of the garage door several times – using all his body weight by jumping up and down – in an apparent attempt to open the door. The door did not open. *Exhibit 1*, page 2.

- At 11:36 p.m., David-Pitts observes police officers attempting to exit the standard-size door in the sallyport area. David-Pitts reaches inside of a trash can and throws a glass wine bottle at the door as the SPD officers start to open it. The bottle shatters against the door, forcing the officers to retreat into the precinct and close the door. David-Pitts then runs out of the camera view. *Exhibit 1*, page 4.

---

[1] A review of video surveillance footage confirms that throughout the protest David-Pitts had multiple interactions with members of this group. David-Pitts can be seen walking alongside individuals in the group and speaking with them at various times during the footage. Others in the group also assisted him in setting the fire, as described below. *See* Plea Agreement ¶ 8, Page 7.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- At 11:37 p.m., David-Pitts reenters the camera view and throws a trash bag into the sallyport area towards the garage door. A few seconds later, he and another person enter the sallyport area. David-Pitts moves the trash bag against the garage door, on top of the tipped-over garbage can. He and the other person then depart the camera view. The other person was wearing all black clothing, a black hat or helmet, and a gas mask.

- At 11:40 p.m., two unknown individuals wearing all black clothing can been seen throwing additional garbage bags into the sallyport area in the vicinity of the garage door. A few seconds later, several small fireworks or similar explosive devices are thrown into the sally-port area by individuals who were off camera. The devices cause smoke but do not start a fire.

- While these fireworks devices are being thrown into the sally-port, David-Pitts reenters the area and approaches some of the garbage bags. David-Pitts uses a lighter in his hand to start a fire on one of the garbage bags. *Exhibit 1*, page 2.

- At 11:41 p.m., two other people enter the sallyport and assist David-Pitts in piling the garbage bags – including the one David-Pitts lit on fire – on top of the trash can against the garage door. These two individuals are wearing all black clothing, black hats or helmets, and gas masks. David-Pitts kneels next to the debris pile and can been seen moving his hands around, while flames emanate from the top of the pile. David-Pitts then walks over to another garbage bag and appears to try and ignite it with the lighter, although the bag does not seem to catch fire. One of the other individuals carries this garbage bag and places it near the debris pile against the garage door. *Exhibit 1*, page 2-3.

- At 11:42 p.m., David-Pitts re-approaches this garbage bag and successfully ignites it with a lighter in his hand. David-Pitts then leaves the flaming garbage bag next to the already burning debris pile against the garage door and departs the sallyport. The flames on the debris pile grow stronger, burning approximately 5-10 feet high. *Exhibit 1*, page 3.

At the same David-Pitts was setting the fire in the sallyport, approximately ten members of the group he was with attempted to barricade the exit door in the sallyport, in an effort to prevent the officers who were inside the precinct from exiting through the door. These individuals were dressed in all black clothing, black protective head gear or hats, and some of them had gas masks on and/or were carrying black umbrellas. These individuals smashed the exterior card reader to the door, fixed a metal rod against the

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

door handle, and sprayed rapidly drying cement around the door. These activities were captured by the same SPD surveillance video camera.

Additional surveillance camera footage shows that between 11:37 p.m. and 11:42 p.m., while all of the above described activities were ongoing, a few others in the group were setting a second fire just around the corner from the sallyport, against an adjacent wall of the East Precinct. These individuals broke through a chain link fence that was protecting the East Precinct. David-Pitts was captured on surveillance video assisting them in breaking through the fence. These individuals then used garbage bags and other debris to start a fire against the building. By approximately 11:43 p.m., the flames of this second fire reached up to 10-15 feet in height. These individuals were similarly dressed in full black clothing and had black protective head gear or hats, gas masks, and/or black umbrellas.

At approximately 11:43 p.m., SPD officers were able to force open the exit door in the sallyport, despite the efforts by the group to barricade it shut. Several officers exited the precinct and successfully extinguished the fire that David-Pitts set against the sallyport garage door. These officers also successfully mitigated the second fire around the corner, and the Seattle Fire Department ultimately responded to put out the fire.

The fire David-Pitts set caused damage to the East Precinct building. Specifically, the structure of the garage door had burn damage, including charring, smoke damage, and flame damage. There was also soot and hot vapor damage on and around the garage door. The SPD is seeking restitution for the damage caused by David-Pitts; SPD is in the process of gathering the requisite documentation of the restitution amount.

### III.   The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations set forth in the Presentence Report. The Probation Office correctly calculates the total offense level at 21, David-Pitts' Criminal History Category at I, and the advisory Sentencing Guidelines range to be 37-46 months.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### IV. Sentencing Recommendation.

For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of **46 months** and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support a custodial sentence of 46 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; and the need for the sentence to afford adequate deterrence to criminal conduct.

### A. The Nature/Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.

David-Pitts' criminal activities were extremely dangerous and serious. Collectively, David-Pitts and the group with whom he was associating set two fires against the East Precinct – right around the corner from each other – and attempted to barricade shut the only nearby exit door. David-Pitts knew full well that there were police officers inside the precinct in the immediate area of the fires. As noted above, at 11:36 p.m., while he was setting the fire, David-Pitts threw a bottle at officers as they tried to exit the precinct, forcing them back inside. Given the overall circumstances of the offense conduct, it is not difficult to understand why some of the police officers inside the East Precinct came to believe that David-Pitts and the rest of the group were trying to kill them. This wanton and dangerous conduct calls for a sentence at the high end of the Sentencing Guidelines range.

Fortunately – and somewhat incredibly – no one was injured as a result of David-Pitts' arson and the rest of the group's related conduct. Had David-Pitts caused injuries to others, a sentence much higher than the existing Guidelines range would certainly be appropriate (as would additional, more serious charges). But the converse is not the case. The fact that no one was injured is *not* a reason to vary *below* the Guidelines range,

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

which is not in any way based on whether a victim sustains an actual injury. In this case, David-Pitts knowingly created a risk of substantial injury to numerous other people; only by good fortune did he avoid causing a much more serious harm. *See* PSR Sentencing Recommendation at 4 ("This group of people attempted to barricade multiple people inside a building and then set that building on fire, hoping those individuals would not be able to escape. ... People could have been seriously hurt if the plan had worked."). A sentence at the high end of the Guidelines range is the most appropriate sentence.

### B. David-Pitts' History and Characteristics.

The government agrees with the Probation Office that David-Pitts' history and characteristics are, for the most part, mitigating. David-Pitts had a difficult upbringing with many obstacles, and he endured mistreatment that no child should encounter. In addition, he suffers from mental health and substance abuse issues. Lastly, he remains young at only 20 years old.

The government's plea offer in this case was designed to acknowledge and account for the mitigating factors found in David-Pitts' background. David-Pitts was originally charged by Indictment with the offense of Arson, in violation of Title 18, United States Code, Sections 844(f)(1) and (i), a charge that carries a five-year mandatory minimum sentence. But for the government's exercise of prosecutorial discretion in this case, David-Pitts would be facing that mandatory sentence. Instead, the government allowed David-Pitts to enter a guilty a plea to Conspiracy to Commit Arson, in violation of Title 18, United States Code, Section 371, enabling him to avoid the mandatory sentence, have the benefit of the lower Guidelines range, and to advocate for an even lesser sentence. The government extended this plea offer knowing that there were no proof issues with the case and that David-Pitts did not have any realistic defenses to present at trial.[2]

---

[2] The government also consulted with the SPD, the victim agency, regarding the plea offer in this case. For its part, the SPD acknowledged the reasonableness of the plea offer given all the circumstances of the case and the defendant's background and characteristics.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government respectfully submits that the substantial benefits afforded to David-Pitts in plea agreement appropriately and fully account for the mitigation present in his background, and that a further variance below the applicable Guidelines range based on this sentencing factor would be unwarranted.

**C. The Need to Afford Adequate Deterrence to Criminal Conduct.**

This case presents the Court with an opportunity to send an important message of general deterrence. The defendant's offense did not occur in a vacuum. The protest on August 24, 2020, was not the first, or the last, legitimate protest event to be undermined by violent actors with other agendas. Regrettably, we have seen similar scenes play out in Seattle and throughout the United States during the spring and summer of 2020 and beyond. Indeed, the instant case is one of several charged by the United States Attorney's Office involving arsons and other dangerous criminal activities occurring in the context of initially peaceful protests turned into civil disorders as the result of violent acts undertaken by a few criminal actors.

The Court should take this valuable opportunity to send a powerful deterrent message to these sorts of offenders. The right to peacefully protest and gather in support of social and political causes is one of the dearest and most important rights that we enjoy in the United States. Protecting the ability of our citizens to express their views in this way is of paramount importance. One way to do that is to send a strong message to individuals who would seek to take advantage of, and abuse, the cover of lawful protests to carry out acts of violence, thereby risking the safety of the peaceful protestors and undercutting their important messages and causes. A term of 46 months in federal prison would send the most appropriate deterrent message in this case.

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 8
*United States v. David-Pitts,* CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. Conclusion.

For all of the reasons set forth above, the government recommends that the Court sentence the defendant to a term of imprisonment of 46 months and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.

DATED this 17th day of May, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

/s Todd Greenberg
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-7970
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 9
United States v. David-Pitts, CR20-143JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970